UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS LOCAL 527, ET. AL., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV889SNL |
| ) | |
| AGR CONSTRUCTION CO., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Plaintiffs have filed this §301 of the Labor Management Relations Act of 1947 (LRMA), 29 U.S.C. §185, lawsuit seeking to collect liquidated damages owed by defendant pursuant to a collective bargaining agreement (CBA). This matter is before the Court on the plaintiffs' motion for summary judgment (#9), filed October 16, 2006. Defendant has filed a responsive pleading. This cause of action is set for a bench trial before the Court on the Court's trial docket of June 4, 2007.

Plaintiffs contend that defendant and plaintiff Local 527 are parties to a CBA which requires defendant to pay monthly contributions to the Cement Masons Pension, Welfare, and Vacation Funds (employee benefit funds). The CBA also provides for the payment of 10% liquidated damages on contributions which are not submitted in a timely fashion pursuant to the CBA. Affidavit of Kurt E. Dierkes. Furthermore, the CBA requires delinquent employers to pay attorneys' fees and costs associated with the collection of the delinquent contributions.

Plaintiffs contend that defendant failed to make contributions when due for: October 2004, November 2004, December 2004, February 2005, March 2005, April 2005, June 2005, July 2005, August 2005, October 2005, January 2006, February 2006, and March 2006. The amounts due,

when received, and the liquidated damages sought for each untimely contribution are set forth in plaintiffs' motion[1] and their Statement of Undisputed Material Facts (#11), pg. 2. Plaintiffs seek a total amount of $6168.82 for liquidated damages, attorneys' fee, and costs.

Defendant does not appear to dispute the liquidated damages for the months of October 2004, November 2004, December 2004, February 2005, March 2005, April 2005, and June 2005. It argues that since it ceased operations as of June 27, 2005 it was not obligated under the CBA to make any further contributions to the employee welfare funds as of that date; thus, it further argues that it is not liable for any liquidated damages following the cessation of defendant's business operations on June 27, 2005.[2]

As of today's date, plaintiffs have not filed any reply or pleading responsive to the defendant's argument regarding its fiscal obligations after June 27, 2005.

The Court agrees that there is a genuine issue of material fact as to the total financial liability of the defendant. Although it appears there is no dispute as to a portion of this liability, the Court is hesitant to address this issue in a piece-meal fashion. Therefore, the Court will, at this time, deny summary judgment to plaintiffs.

The Court is hopeful that the parties and counsel can meet and amicably resolve this dispute without the necessity of Court intervention. However, the Case Management Order (CMO)(#8) entered on August 14, 2006 still remains in full force and effect as to all deadlines and trial date.

Accordingly,

---

[1] Document #10-2, Dierkes Affidavit, ¶6.

[2] Defendant is silent as to the amount of attorneys' fees and costs sought by plaintiffs.

**IT IS HEREBY ORDERED** that in accordance with this memorandum, the plaintiffs'

motion for summary judgment (#9) be and is **DENIED.**

Dated this   18th   day of January, 2007.

                                           SENIOR UNITED STATES DISTRICT JUDGE